

**FILED**
MAR 28 2017

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DEAN EDWARD CRESSMAN, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br> Defendant. | CIV. 17-4041 <br><br> **COMPLAINT** |

COMES NOW Plaintiff, Dean Cressman ("Plaintiff"), and for his causes of action against National Union Fire Insurance Company of Pittsburgh, PA ("Defendant"), states and alleges:

**PARTIES**

1.  Plaintiff is a resident of Sioux Falls, South Dakota.

2.  Defendant is an insurance company incorporated and with its principal place of business in a state other than South Dakota.

**JURISDICTION AND VENUE**

3.  This District Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because this is a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and the parties to this dispute are citizens of different states.

4.  Venue is proper in the District Court for the District of South Dakota, Southern Division, pursuant to 28 U.S.C. § 1391 because Defendant does business within the district, the events giving rise to the claim occurred in the District, and Defendant is subject to personal jurisdiction within the District.

## LEGAL CLAIMS

5.     On or about April 6, 2011, at or near the intersection of 26th and Devon Drive in Sioux Falls, Minnehaha County, South Dakota, Tara Ann Carlson, who is insured by State Farm Mutual Automobile Insurance Company ("State Farm"), negligently, carelessly and unlawfully operated a motor vehicle which collided into the rear of a vehicle driven by Plaintiff.

6.     That Plaintiff commenced a lawsuit against Tara Ann Carlson, in which Tara Ann Carlson did not dispute negligence.

7.     At the time of that accident, State Farm provided liability limits to Tara Ann Carlson in the amount of $100,000.

8.     At the time of this accident, Plaintiff was operating a vehicle owned by his employer which had underinsured motorist coverage with Defendant.

9.     That Defendant has warranted and represented to Plaintiff that the extent of the underinsured motorist coverage provided by the employer through Defendant was $300,000.

10.     That Tara Ann Carlson has been discharged through a bankruptcy proceeding, and there would be no viable subrogation rights against her arising out of this motor vehicle accident.

11.     Pursuant to *Schultz v. Heritage Mutual Insurance Company*, 902 F.Supp. 1051 (S.D. 1995), Plaintiff settled with State Farm for the sum of $80,000 with the understanding that Defendant, on the UIM claim, would be given credit for State Farm's limits of $100,000.

12.     Plaintiff gave Defendant notice of the potential settlement and obtained approval from Defendant as to that settlement and preservation of the underinsured motorist claim. In doing so, Defendant specifically waived any subrogation rights against the tortfeasor.

13.     The impact of the accident was so severe that it totaled both vehicles and caused Plaintiff's driver's seat to collapse, further impacting Plaintiff's low back as well as an injury to

Plaintiff's neck from this sudden and severe, rear impact.

14. As a result of this accident, Plaintiff is disabled and unable to work.

15. As a direct and proximate result of this accident and the negligence of Tara Ann Carlson, Plaintiff was required to obtain medical care, treatment and services, has suffered disability, loss of enjoyment of life, pain and suffering, aggravation of preexisting ailments and conditions, mental anguish, along with loss of income, loss of earning capacity, and will continue to experience disability, disfigurement, pain, suffering, aggravation of preexisting ailments and conditions, loss of capacity of the enjoyment of life, lost income, mental anguish, loss of earning capacity in the future, all to his damage and detriment.

16. In addition to the loss of earnings, Plaintiff has also sustained a loss of fringe benefits, including health insurance, for which Plaintiff has incurred additional expenses and will incur additional expenses in the future.

17. That, in the exercise of good faith, Defendant owes Plaintiff underinsured motorist benefits to the extent of the insurance coverage, which Defendant has failed to pay.

18. To the extent Defendant continues to refuse to pay such underinsured motorist benefits, Plaintiff reserves the right to amend the Complaint to assert a claim for breach of the covenant of good faith and fair dealing.

19. That Plaintiff is entitled to an award of attorney's fees pursuant to SDCL 58-12-3.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for such damages as to be determined by the jury, together with attorney's fees, costs and such other and further relief as the Court deems just and proper.

Dated this 28 day of March, 2017.

LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

_____
Michael L. Luce
110 N. Minnesota Ave., Ste. 400
P.O. Box 2700
Sioux Falls, SD  57101-2700
Telephone: (605) 332-5999
Fax: (605) 332-4249
E-mail: mluce@lynnjackson.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all causes of action presented by his Complaint.

_____
Michael L. Luce