UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DEAN EDWARD CRESSMAN,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant. | 4:17-CV-04041-KES<br><br><br>ORDER DENYING PLAINTIFF'S MOTION AND GRANTING DEFENDANT'S MOTION |

Plaintiff, Dean Cressman, brought this lawsuit against defendant, National Union Fire Insurance Company of Pittsburgh, PA, for underinsured motorist benefits after plaintiff's car accident. Plaintiff moves for a default judgment after the Clerk's entry of default. Docket 10. Defendant moves to set aside the entry of default. Docket 14. For the reasons stated below, this court denies plaintiff's motion and grants defendant's motion.

## BACKGROUND

In 2011, while driving an employer-owned vehicle, plaintiff was in a motor vehicle accident. Docket 1 ¶ 5-8. He settled with the other driver's insurance company for $80,000 and sought to obtain additional insurance benefits from defendant because defendant provided underinsured motorist coverage to plaintiff's employer. *Id.* ¶ 11. Plaintiff alleges that defendant has refused to pay the underinsured motorist benefits to plaintiff. *Id.* ¶ 17-18.

On March 28, 2017, counsel for plaintiff sent a letter to David Becker, the claims representative assigned to handle plaintiff's claim, stating that he

intended to serve the summons and complaint in this case on defendant. Docket 18 at 1-2. This was also the date plaintiff's complaint was filed. *See* Docket 1. In accordance with SDCL § 58-6-39, plaintiff's counsel transmitted the summons and complaint to the South Dakota Division of Insurance for service. Docket 7 at 1. The Division of Insurance executed an admission of service on behalf of defendant on March 30, 2017. Docket 5.

Under Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Defendant did not file an answer or another responsive pleading within 21 days of being served with plaintiff's summons and complaint. In support of its motion to set aside the default, defendant explained that the summons and complaint were inadvertently overlooked. Docket 17. Specifically, on April 6, 2017, Anne Brenner, a claims management analyst for AIG, the parent company of defendant, received an email from AIG's legal department with plaintiff's summons and complaint. *Id.* Ms. Brenner testified that she "inadvertently failed to read the email" and thus failed to inform Mr. Becker or anyone at ESIS that service had been made. *Id.* Mr. Becker also maintains that he never received confirmation that the summons and complaint had actually been served. Docket 18. On April 21, 2017, Mr. Becker emailed Ms. Brenner, asking if service was made, but he did not receive a response. *Id.* On April 27, 2017, Mr. Becker emailed plaintiff's counsel to ask if service was completed. *Id.*

On May 3, 2017, plaintiff submitted an application for entry of default. Docket 6. Under Federal Rule of Civil Procedure 55(a), the Clerk of Court filed

an entry of default in plaintiff's favor and against defendant (Docket 8), and an amended entry of default on May 4, 2017. Docket 9. On May 4, 2017, plaintiff's counsel responded to Mr. Becker with a copy of plaintiff's application for entry of default. Docket 18.

Mr. Becker states that immediately after he received this May 4 email, he retained local counsel and began investigating the matter. *Id.* Plaintiff filed this motion for a default judgment under Federal Rule of Civil Procedure 55(b)(2) on May 4, 2017. Docket 10. That same day, counsel for defendant noted his appearance. Docket 12. On May 8, 2017, defendant filed its motion to set aside the clerk's entry of default. Docket 14.

## DISCUSSION

Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default for good cause. To determine if good cause exists, the court weighs "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quotation omitted). Setting aside an entry of default requires a lesser showing of excuse than setting aside a default judgment. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (citation omitted). "[I]t is likely that a party who promptly attacks an entry of default, rather than waiting for a grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.* at 784. The court also has discretion to enter a default judgment when a party moves

3

for one. Fed. R. Civ. P. 55(b)(2). But there is a judicial preference to adjudicate claims on their merits. *Johnson,* 140 F.3d at 784.

I.  **Culpability or Blameworthiness**

Heavily focusing on the culpability or blameworthiness factor, Eighth Circuit precedent consistently "distinguish[es] between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." *Johnson,* 140 F.3d at 784.

The court finds that defendant's actions were not an intentional delay or disregard for court deadlines. Rather, defendant had an internal communication error when Ms. Brenner inadvertently failed to forward the email she received regarding plaintiff's summons and complaint. Plaintiff argues that Mr. Becker "was undeniably aware that an action had been filed" by March 28, 2017. Docket 20 at 7. The court disagrees. Mr. Becker received an email from plaintiff's counsel on March 28, which stated that he "was getting National Union served . . . ." Docket 18-1. Nowhere in this letter did plaintiff's counsel tell Mr. Becker that the action had already been filed or would be filed that day. Mr. Becker also attempted to follow up on this March 28 email twice by asking if service had been made.

Defendant's communication misstep was promptly remedied by defendant when Mr. Becker received notice of the Clerk's entry of default. He immediately hired local counsel, who noted his appearance in this case the day after the Clerk's amended entry of default was entered. Counsel for defendant

4

then filed a motion to set aside the default four days later, which is more reason to construe defendant's failure to respond within 21 days as a mistake remedied by a "prompt attack" on the entry of default rather than a purposeful delay.

## II.     Meritorious Defense

To determine if the defendant has a meritorious defense, the court "examin[es] 'whether the proffered evidence would permit a finding for the defaulting party.' " *Stephenson,* 524 F.3d at 914 (quoting *Johnson,* 140 F.3d at 785). Defendant maintains that in order for plaintiff to recover underinsured motorist benefits from defendant, plaintiff "must prove damages in excess of the tortfeasor's policy limits and defendant will be given a credit for the tortfeasor's limits of $100,000.00" in this case. Docket 24 at 5. Defendant has offered evidence that Mr. Becker, the claims agent handling plaintiff's claim, never received plaintiff's medical records and bills. Docket 18. Thus, defendant's defense is that plaintiff has not provided sufficient evidence to support his claim for damages. Docket 24 at 6.

While defendant has not provided a lot of factual evidence to support its defense, it cannot obtain that factual support until it receives plaintiff's medical records. The court finds this to be a viable defense that is sufficient to set aside a Clerk's entry of default.

## III.    Prejudice to Plaintiff

Finally, defendant argues that plaintiff would not be prejudiced if the Clerk's entry of default is set aside. Docket 16 at 5. It is well established that

"delay alone, or the fact the defaulting party would be permitted to defend on the merits," does not establish prejudice to the plaintiff. *Stephenson*, 524 F.3d at 915. Loss of evidence, increased discovery difficulties, or greater opportunities for fraud and collusion are some of the more concrete ways a plaintiff may be prejudiced if a default is set aside. *Id.* (quotation omitted).

Plaintiff has not provided an argument to support how he would be prejudiced if the Clerk's entry of default were set aside, and the court has not found one. There is no indication that evidence has been lost or discovery will be more difficult if the Clerk's entry of default is set aside.

## CONCLUSION

Having considered all three factors in light of the judicial preference to adjudicate claims on their merits, the court finds that there is good cause to set the entry of default aside. Thus, it is

ORDERED that plaintiff's motion for default judgment (Docket 10) is denied.

IT IS FURTHER ORDERED that defendant's motion to set aside the Clerk's entry of default (Docket 14) is granted.

DATED this 20th day of December, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE